FILED
02/06/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 17, 2017 Session

## RANDY WAYNE BENNETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. CR-160657     Joseph A. Woodruff, Judge**

_____

### No. M2017-00575-CCA-R3-PC

_____

The Petitioner, Randy Wayne Bennett, appeals from the Williamson County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that the ineffective assistance of his trial counsel led to his rejection of a more beneficial plea offer from the State. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

M. Stuart Saylor, Franklin, Tennessee, for the appellant, Randy Wayne Bennett.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Tammy J. Rettig, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

In September 2015, the Petitioner entered into an "open" plea agreement with the State. The Petitioner agreed to plead guilty to one count of delivery of less than .5 grams of oxymorphone and one count of failure to appear with his sentences to be determined by the trial court. Following a November 2015 sentencing hearing, the trial court determined that the Petitioner was a Range III, persistent offender with respect to the delivery conviction and a career offender with respect to the failure to appear conviction. The trial court imposed a sentence of twelve years for the delivery conviction and six

years for the failure to appear conviction. The trial court ordered the sentences to be served consecutively for a total effective sentence of eighteen years.

On October 14, 2016, the Petitioner filed a pro se petition for post-conviction relief, alleging that his trial counsel failed to inform him of a plea offer from the State that would have recommended a total effective sentence of ten years. Post-conviction counsel was appointed to represent the Petitioner in this matter, and an amended petition was filed alleging that trial counsel either advised the Petitioner to reject the State's ten-year offer or that trial counsel failed to inform the Petitioner that ten years was the minimum possible sentence he could receive for the offenses to which he pled guilty.

At the post-conviction hearing, the Petitioner testified, contrary to his pro se petition, that trial counsel had informed him of the State's ten-year offer. The Petitioner claimed that he only met with trial counsel once prior to his guilty plea. The Petitioner further claimed that trial counsel did not review the applicable sentencing ranges and offender classifications with him and that he was unfamiliar with these concepts. The Petitioner also claimed that trial counsel did not show him the State's notice of intent to seek an enhanced sentence based on his prior convictions and that she never reviewed his criminal history with him.

The Petitioner testified that trial counsel never informed him of the possible minimum sentence he could receive. However, the Petitioner later claimed that trial counsel informed him that he could get a sentence of "six or eight or something" if he entered an open guilty plea. The Petitioner denied that he agreed to plead "open" in hopes of serving his sentence on probation or receiving some type of drug treatment. The Petitioner claimed that he never asked his trial counsel about an alternative sentence. Rather, the Petitioner insisted that he had wanted to spend a year in drug treatment and then serve nine years in confinement.

The Petitioner claimed that he only accepted the open plea agreement because trial counsel told him that he would probably get a better sentence if a judge sentenced him. The Petitioner denied getting angry with trial counsel when she attempted to discuss his criminal history and its impact on his sentences in this case. The Petitioner admitted he signed a plea petition that stated his trial counsel had advised him of his possible punishment. However, the Petitioner stated that he did not understand the plea petition and that he "probably really never read" it before he signed it.

Trial counsel testified that the State originally offered the Petitioner a twelve-year plea agreement and that it lowered the offer to ten years as the scheduled trial date approached. Trial counsel testified that she advised the Petitioner about the State's offer "several times." However, the Petitioner was "very agitated" by the State's offers. Trial counsel explained that the Petitioner wanted an agreement where he would serve less

than a year in prison, receive "some drug treatment," and serve the remainder of his sentence on probation.

Trial counsel testified that the Petitioner originally wanted to take his case to trial, but that she advised him against that because he had confessed to the delivery offense. Rather, trial counsel advised the Petitioner to accept the State's ten-year offer because it was the minimum possible sentence the Petitioner could have received. However, the Petitioner rejected this advice. Trial counsel reiterated that the Petitioner wanted to serve less than a year in confinement and that he accepted the open plea agreement in an attempt to get an alternative sentence. Trial counsel testified that she explained to the Petitioner that it was possible he could receive an alternative sentence but that it was "not probable with [his criminal] history." Nevertheless, trial counsel argued for full probation at the sentencing hearing because the Petitioner wanted her to do so.

Trial counsel testified that it was her practice to advise her clients of "the minimum and maximum range" they faced and to advise them of what she thought a "realistic outcome" would be based upon their criminal history and other factors. Trial counsel testified that she had reviewed the State's enhancement notice and that she discussed it with the Petitioner. Trial counsel explained that the Petitioner had a lengthy criminal history that included thirteen felony convictions and four misdemeanor convictions. However, the Petitioner became "really agitated" when trial counsel attempted to discuss how his criminal history would affect his potential punishment. The Petitioner would tell trial counsel that his criminal history did not matter because he had "found God" and was "a changed man."

Trial counsel denied that she told the Petitioner he could receive a six- or eight-year sentence. Trial counsel explained that she reviewed the Petitioner's prior offenses, determined his offender classifications, determined the applicable sentencing ranges, and came to the conclusion that the minimum sentence the Petitioner could have received was ten years. Trial counsel testified that she told the Petitioner the applicable sentencing ranges for the charged offenses and that she told the Petitioner that a ten-year sentence was the minimum sentence he could receive. Trial counsel admitted that while she did take the Petitioner's offender classifications into account when she determined the applicable sentencing ranges, she forgot to tell the Petitioner what his offender classifications would be because the Petitioner was "just so heated in arguing" with her that his criminal history was not relevant.

On February 28, 2017, the post-conviction court entered a written order denying post-conviction relief. The post-conviction court found that the Petitioner's testimony was not credible. In contrast, the post-conviction court found trial counsel to be "highly credible." The post-conviction court concluded that trial counsel had not been ineffective in her representation of the Petitioner, that she had "repeatedly advised" him to accept the

State's ten-year offer, and that the Petitioner had knowingly and voluntarily entered the open guilty plea in hopes of receiving an alternative sentence. This timely appeal followed.

## ANALYSIS

The Petitioner contends that the ineffective assistance of trial counsel caused him to reject the State's more favorable ten-year offer and agree to an "open" guilty plea. The Petitioner's argument on appeal is based largely on his post-conviction hearing testimony. The Petitioner argues that his testimony should be accredited over trial counsel's because "[t]he fact that the plea bargain offer was rejected is itself the evidence that improper advice was given regarding the possible sentencing outcome." The State responds that the Petitioner failed to establish that trial counsel performed deficiently or that he was prejudiced by her performance.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty" to the open plea agreement and would have accepted the State's ten-year offer. Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Here, the post-conviction court accredited trial counsel's testimony over the Petitioner's. The evidence does not preponderate against this finding. The Petitioner initially claimed in his pro se petition that trial counsel never informed him of the State's ten-year offer. At the post-conviction hearing, the Petitioner admitted that trial counsel had informed him of the State's offer but claimed that trial counsel had not advised him of what the minimum sentence would be for the offenses. However, the Petitioner later claimed that trial counsel incorrectly advised him that the minimum sentence would be "six or eight or something."

In contrast, trial counsel testified that she reviewed the Petitioner's criminal history, determined the applicable offender classifications, determined the applicable sentencing ranges, came to the conclusion that ten years was the minimum sentence the Petitioner could receive, and advised the Petitioner of this, except for not telling the Petitioner what offender classifications were applicable. Trial counsel testified that she advised the Petitioner to accept the State's ten-year offer, in part because of the Petitioner's lengthy criminal history, but that the Petitioner refused because he believed his criminal history was not relevant and he wanted to serve less than a year in confinement. Trial counsel then argued for a sentence of full probation at the sentencing hearing with the Petitioner's approval.

Contrary to the Petitioner's argument, the fact that he rejected the State's ten-year offer and entered an open guilty plea does not in and of itself evidence that he received ineffective assistance from trial counsel. Rather, the Petitioner rejected the advice of trial counsel in an attempt to secure an alternative sentence despite trial counsel's advice that such a sentence was "not probable." Accordingly, we conclude that the post-conviction court did not err in denying the petition.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE